```
               FILED
         U.S. DISTRICT COURT
         EASTERN DISTRICT OF LA

         2003 MAR 19  PM 1:43

         LORETTA G. WHYTE
                CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSCAR P. BERTHELOT

VERSUS                                                          NO. 01-3489

CHARLES FOTI, LOUISIANA STATE
DEPARTMENT OF CORRECTIONS,
RICHARD STALDER, C.M. LENSING,                                  SECTION "T"(5) 4

WARDEN, HUNT CORRECTIONAL
CENTER

    Before the Court is a Motion to Sever and Transfer Based on Improper Venue or in the Alternative Motion to Dismiss as Frivolous for Failure of Plaintiff to Comply with Court Orders and Failure to State a Claim Upon Which Relief Can Be Granted (DOC #46) filed on behalf of defendant, State of Louisiana Department of Public Safety and Corrections ("DPS&C") s/h/a Louisiana State Department of Corrections, Richard Stalder, C.M. Lensing, Bob Abels, and Michael Hegmann. The Court, having considered the unopposed motion submitted on behalf of the Defendant, the record, the law, and applicable jurisprudence, is fully advised in the premises and ready to rule.

1

DATE OF ENTRY

MAR 2 0 2003



## ORDER AND REASONS

### I. Background:

On, November 28, 2001, plaintiff Oscar Paul Berthelot ("Berthelot") filed his Petition for Damages ("Petition") against Charles Foti, Louisiana State Department of Corrections, Richard Stalder, C.M. Lensing, Warden, and Hunt Correctional Center ("HCC"), with this court, Civ. No. 01-3489. Plaintiff alleges that while being transported from Orleans Parish Prison ("OPP") to HCC on July 23, 2001, several officers mishandled his prosthetic leg which was being carried in a bag. As a result, Plaintiff claims the leg became inoperable and his requests to have the prosthetic leg repaired have been denied. Plaintiff further claims the indifference to his medical condition by defendants is a violation of the Eighth Amendment of the U.S. Constitution, the Rehabilitation Act of 1973, Title II of the American with Disabilities Act of 1990 and laws of the State of Louisiana. Plaintiff further alleges as a result of the correction officials denying him use of a prostheses by refusing to repair his leg, he is now suffering from mental distress. The defendants assert that they are entitled to have the aforementioned claims against it severed and transferred based on improper venue or in the alternative dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as frivolous for failure of plaintiff to comply with court orders and failure to state a claim upon which relief can be granted.

### II. Law and Analysis

#### *A. Motion to Transfer Venue:*

In their Motion, Defendants move this Court to transfer the instant case to the Middle District

2

of Louisiana and place it on the docket of that court. A district court may transfer any civil action to any other district in which it might have been brought for the convenience of the parties and witnesses or if such transfer is found to be in the interest of justice. See 28 U.S.C. § 1404(a). In determining whether to transfer venue in a particular case, "the court must exercise its discretion in light of the particular circumstances of the case." Hanby v. Shell Oil Co., Civ. A. 1:00CV331, 2001 WL 640639, at * 3 (E.D.Tex. March 5, 2001) (citing Radio Santa FE v. Sena, 687 F.Supp. 284, 287 (E.D.Tex. 1988)). In doing so, the court must balance two categories of interests: 1) the so-called private interests, which take into account the convenience of the litigants, and 2) the public interests, which take into account the fair and efficient administration of justice. See Hanby, 2001 WL 640639, at *3 (citing Robertson v. Kiamichi RR Co., L.L.C., 42 F.Supp.2d 651, 655 (E.D.Tex. 1999)).

In balancing the aforementioned categories of interests, courts are to consider the following factors:

> Convenience factors, [which] include: (1) plaintiff's choice of forum; (2) convenience of parties and witnesses; (3) place of the alleged wrong; (4) location of counsel; (5) cost of obtaining the attendance of witnesses; (6) accessibility and location of sources of proof; and (7) possibility of delay and prejudice if transfer is granted.
>
> Public interest factors, [which] include: (1) administrative difficulties caused by court congestion; (2) local interest in adjudicating local disputes; (3) unfairness of burdening citizens in an unrelated forum with jury duty; and (4) avoidance of unnecessary problems in conflict of laws.

Hanby, 2001 WL 640639, at *3 (quoting Robertson v. Kiamichi RR Co., L.L.C., 42 F.Supp.2d 651, 655 (E.D.Tex. 1999)); see also Willis v. Parrot, Civ.A.No. 96-691, 1996 WL 337241, at * 4 (E.D.La. June 17, 1996).

Furthermore, it is important to note that typically, unless these factors balance heavily in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed. See Willis, 1996 WL 337241, at * 4 (citing Schexnider v. McDermott Intern., Inc., 817 F.2d 1159, 1163 (5th Cir.1987), *cert. denied*, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987); Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989), *cert. denied*, 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989)). However, when the plaintiff's choice of forum has no factual nexus to the case or when the plaintiff has chosen a district other than the district in which he or she resides, then courts are to give that choice of forum little weight. See Robertson, 42 F.Supp.2d at 656; Paul v. International Metals Corp, 613 F.Supp. 174, 179 (S.D.Miss. 1985); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3848 (1986).

### *B. Application of the Factors to the Case at Hand:*

In applying the aforementioned factors to the case at hand, it is apparent that this Court should give minimal deference to the Plaintiffs' choice of forum. First, the Plaintiff does not reside in this District; rather, he is a prisoner at HCC, located in St. Gabriel, Louisiana. Second, the alleged incident that is the subject matter of this litigation occurred while in transit to HCC, which is located in the Middle District of Louisiana. Thus, this Court should give little deference to the Plaintiffs' choice of forum. Furthermore, there is no evidence indicating that this forum is the most convenient forum for all parties and witnesses involved in this litigation. In fact, it seems that most witnesses and parties are to be found outside of the Eastern District of Louisiana. These factors weigh in favor of a transfer to the Middle District of Louisiana.

Next, the Court must consider the location of counsel as a convenience factor. However,

4

this factor is to be given little weight as compared to the other convenience factors. See Robertson, 42 F.Supp.2d at 658 (citing Reed v. Fina Oil and Chemical Co., 995 F.Supp. 705, 715 (E.D.Tex. 1998)). In the present case, the Plaintiff, acting pro se, and Defendants are located in St. Gabriel, Louisiana and counsel for Defendants are located in both New Orleans, Louisiana. Therefore, neither the current venue nor the proposed venue "would be particularly convenient or inconvenient for both counsel." Id. Accordingly, this factor weighs neither in favor of nor against transfer of venue.

In addition to those convenience factors that weigh in favor of transfer to the Middle District of Louisiana, several of the public interest factors weigh in favor of transfer. First, with regard to any administrative difficulties caused by court congestion, it can be argued that all courts are overly crowded with cases. However, it is significant that the Plaintiffs filed this action a mere five months ago because it can hardly be said to have been pending before this Court for such an extensive period of time to warrant it remaining in this District. Furthermore, this Court's involvement in the litigation to date has been nominal. While courts have held that the "speed of disposition of lawsuits" without any connection to the forum District "is not a valid reason for forum shopping," filing cases without any rational nexus to the forum district could create congestion beyond that district's resources. See Hanby, 2001 WL 640639, at *5; Rock Bit Internat'l, Inc. v. Smith Internat'l, Inc., 957 F.Supp. 843, 844 (E.D.Tex. 1997). This Court is of the opinion that "the courts of this district should not be required to expend judicial resources on matters that have little relationship to this district." Varnado v. Danek Medical, Inc., No.Civ.A. 95-1802, 1998 WL 524896, at * 3 (E.D.La. August 19, 1998). Accordingly, this factor weighs heavily in favor of a

5

transfer to the Middle District of Louisiana.

### III. CONCLUSION:

Given the minimal weight afforded the Plaintiffs' choice of forum in this case, wherein there is no factual nexus to this District and the Plaintiff does not reside in this District, the relative weight of the remaining factors leads this Court to the conclusion that this action more properly belongs in the Middle District of Louisiana. This Court is satisfied that the majority of both the convenience and public interest factors weigh in favor of such a transfer. Furthermore, this court finds that the interests of justice would be best served by transferring this case. Accordingly,

**IT IS ORDERED** that Oscar P. Berthelot v. Charles Foti, Louisiana State Department of Corrections, Richard Stalder, C.M. Lensing, Warden, Hunt Correctional Center, civil action No. 01-3489, be and the same is hereby **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana this 19th day of March, 2003.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE